

I hereby certify that the annexed
instrument is a true and correct copy
of the original on file in my office.

ATTEST:
SUSAN Y. SOONG
Clerk, U.S. District Court
Northern District of California

by:
    Deputy Clerk
Date: 05 August 2016

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

## IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION

MDL No. 2672

## TRANSFER ORDER



**FILED**

**Aug 08, 2016**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**Before the Panel**[*]:   Plaintiffs in 67 actions listed on the attached Schedule A move under Panel Rule 7.1 to vacate the Panel's orders conditionally transferring their respective actions to MDL No. 2672.  Volkswagen defendants[1] (collectively VW) oppose all motions.

After considering the argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2672, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  Moreover, transfer is warranted for the reasons set out in our order directing centralization. In that order, we held that the Northern District of California was an appropriate Section 1407 forum for actions sharing factual questions regarding the role of VW and related entities in equipping certain 2.0 and 3.0 liter diesel engines with software allegedly designed to engage emissions controls only when the vehicles undergo official testing, while at other times the engines emit nitrous oxide well in excess of legal limits.  *See In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, 148 F. Supp. 3d 1367 (J.P.M.L. 2015).  These actions involve allegations related to affected VW, Audi and/or Porsche vehicles and clearly fall within the MDL's ambit.

Plaintiffs in 65 actions argue against transfer primarily based on the pendency of their motions to remand their respective actions to state court.  Plaintiffs can present their motions for remand to the

---

[*]   Judge Charles R. Breyer took no part in the decision of this matter.

[1]   Volkswagen Group of America, Inc. (VWGoA) states that Volkswagen AG (VW AG) and Dr. Ing. h.c. F. Porsche AG are headquartered in the Federal Republic of Germany and named as defendants in certain actions. Although not yet served as required pursuant to the Convention On The Service Abroad of Judicial And Extrajudicial Documents In Civil Or Commercial Matters, [1969] 20 U.S.T. 361, T.I.A.S. No. 5538 (the Convention), and without waiver of their rights under the Convention, VW AG and Porsche AG have reportedly authorized VWGoA to state that they support VWGoA's position on the motions to vacate the CTOs before the Panel.

transferee judge.[2]  *See, e.g., In re: Ivy*, 901 F. 2d 7, 9 (2nd Cir. 1990); *In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

Plaintiff in the Southern District of West Virginia action (*Morris*) alleges that VW incorrectly asserted that plaintiff's previous action regarding his VW diesel, which was transferred via unopposed conditional transfer order in December 2016, involved an amount in controversy over $75,000. Plaintiff brings claims of fraud, abuse of process and obstruction of justice against VW and its counsel, attorneys with McGuireWoods and the firm itself, for the alleged improper removal. Plaintiff's proposed amended complaint adds a RICO claim for defendants' alleged practice of fraudulently removing actions from state court in order to sweep such cases into an MDL. Arguing essentially that his action is unique and does not involve facts common to the MDL, plaintiff opposes transfer. Since the action is based upon the removal of an action pending in the MDL, we are of the opinion that placing *Morris* before the transferee judge is the best option in these circumstances.

The State plaintiff in the *Beshear* action asserts that federal jurisdiction is lacking over its enforcement action, while also stressing the unique nature of its claims. The transferee judge can decide plaintiff's motion to remand, as in other cases. At its core, the action is based upon the common factual questions of MDL No. 2672—VW's conduct in installing defeat devices in over 500,000 of its diesel vehicles. Allowing this case to proceed separately would require a duplicative, and potentially inconsistent, decision on the core issue of VW's liability for the installation of the defeat devices. The Panel often has transferred claims brought by a State so long as the action involves facts common to the MDL proceeding[3] and recently transferred an action brought by the Attorney General of New Mexico over similar objections. *See In Re: Volkswagen*, MDL No. 2672. doc. 1716 at 2 ( J.P.M.L., June 2, 2016) ("Given the overlapping factual issues and the potential for inconsistent or duplicative rulings on common issues, transfer is appropriate.").

---

[2]  Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

[3]  *See, e.g., In re: Fresenius Granuflo/Naturalyte Dialysate Prods. Liab. Litig.*, MDL No. 2428, doc. No. 993 (J.P.M.L., Dec. 11, 2014) (rejecting Louisiana Attorney General's argument that its action should not be transferred to MDL because of "unique" factual and legal issues, noting that "while plaintiff in *State of Louisiana* may seek different relief, its claims are based on the same underlying facts as the actions already in MDL No. 2428. . .").

-3-

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Charles R. Breyer for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
                     Sarah S. Vance
                          Chair

Marjorie O. Rendell          Lewis A. Kaplan
R. David Proctor             Ellen Segal Huvelle
Catherine D. Perry

IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING,
SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION          MDL No. 2672

## SCHEDULE A

Middle District of Alabama
THREADGILL v. VOLKSWAGEN GROUP OF AMERICA, INC.,
        C.A. No. 2:16‒00223

Northern District of Alabama
POUNDS v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 2:16‒561
HESS, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC.,
        C.A. No. 2:16‒668
HYCHE v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 6:16‒560

Central District of California
WHALEN, ET AL. v. VENTURA VOLKSWAGEN, ET AL., C.A. No. 2:16‒03074
WILKIE, ET AL. v. VOLKSWAGEN OF DOWNTOWN LOS ANGELES, ET AL.,
        C.A. No. 2:16‒03087
KESSLER, ET AL. v. VENTURA VOLKSWAGEN, ET AL., C.A. No. 2:16‒03161
MORAN, ET AL. v. PARKWAY VOLKSWAGEN, ET AL., C.A. No. 2:16‒03162
PEJMAN, ET AL. v. LIVINGSTON VOLKSWAGEN, ET AL., C.A. No. 2:16‒3163
MILLER, ET AL. v. CARDINALEWAY VOLKSWAGEN, ET AL.,
        C.A. No. 5:16‒933
STEVENS, ET AL. v. MOSS BROS VOLKSWAGEN, ET AL., C.A. No. 5:16‒934

Eastern District of California
ALVARADO, ET AL. v. LASHER AUTO GROUP, ET AL., C.A. No. 2:16‒979

Southern District of California
HOWE, ET AL. v. MOSSY VOLKSWAGEN OF ESCONDIDO, ET AL.,
        C.A. No. 3:16‒00988
CREIGHTON, ET AL. v. AUDI OF SAN DIEGO, ET AL., C.A. No. 3:16‒01058
URIE, ET AL. v. BOB BAKER VOLKSWAGEN SUBARU, ET AL.,
        C.A. No. 3:16‒01089

District of Colorado
JAMES v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
        C.A. No. 1:16‒01192
BURKHALTER v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
        C.A. No. 1:16‒01193
LEHMANN v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
        C.A. No. 1:16‒01194
JAMISON v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
        C.A. No. 1:16‒01195

- A2 -

MENA v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
      C.A. No. 1:16‒01196
MOOREHOUSE v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
      C.A. No. 1:16‒01198
JOHNSON v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
      C.A. No. 1:16‒01199
DERMODY v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
      C.A. No. 1:16‒01200
RIVERA v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
      C.A. No. 1:16‒01201
SONDERS v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
      C.A. No. 1:16‒01203
KECK v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
      C.A. No. 1:16‒01204
GLADBACH v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
      C.A. No. 1:16‒01205
JACOBSON v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
      C.A. No. 1:16‒01207
REILLY v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
      C.A. No. 1:16‒01209
PAGUYO v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
      C.A. No. 1:16‒01212

      Middle District of Florida
BOTTIGLIERI v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
      C.A. No. 8:16‒00774
BRASWELL, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC.,
      C.A. No. 8:16‒00860
DEROCHEMONT v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
      C.A. No. 8:16‒01139

      Southern District of Florida
BORROTO v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 1:16‒21433

      Northern District of Georgia
REED, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC.,
      C.A. No. 1:16‒01388

      District of Kansas
BUSTAMANTE, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL., C.A.
      No. 2:16‒02259

      Eastern District of Kentucky
BESHEAR v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL., C.A. No. 3:16‒27

- A3 -

    Eastern District of Louisiana
MCGOWAN v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
    C.A. No. 2:16‒02974

    District of Maryland
WIRIG v. VOLKSWAGEN AG, ET AL., C.A. No. 1:16‒01120
AZRAEL, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC.,
    C.A. No. 1:16‒01366
LEID v. VOLKSWAGEN AG, ET AL., C.A. No. 1:16‒01577

    District of Minnesota
NOUBLEAU, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC.,
    C.A. No. 0:16‒01079
DOSER v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 0:16‒1157
LYNCH v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
    C.A. No. 0:16‒01212
MURRAY, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
    C.A. No. 0:16‒01215
NEWGREN v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
    C.A. No. 0:16‒01231
OWENS, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
    C.A. No. 0:16‒01245
PERENDY v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
    C.A. No. 0:16‒01247
SCHRUPP v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
    C.A. No. 0:16‒01255
VERSCHOOR v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
    C.A. No. 0:16‒01256
WEISS v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
    C.A. No. 0:16‒01308

    Eastern District of Missouri
HARRIS, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
    C.A. No. 4:16‒00464
LAFOY, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
    C.A. No. 4:16‒00466
REHDER, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
    C.A. No. 4:16‒00467
RECTOR, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
    C.A. No. 4:16‒00470
WIETHUCHTER, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL., C.A.
    No. 4:16‒00471

- A4 -

Middle District of North Carolina

WILKINS, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC.,
    C.A. No. 1:16‒00366
STEFFY, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC.,
    C.A. No. 1:16‒00466

Western District of Texas

CARDENAS v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
    C.A. No. 1:16‒00555
ARTHUR, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC.,
    C.A. No. 1:16‒00568
ZELAZNY, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
    C.A. No. 1:16‒00591
KENNEDY, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC.,
    C.A. No. 1:16‒00606
ALLART, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC.,
    C.A. No. 1:16‒00616
KINCANNON v. VOLKSWAGEN GROUP OF AMERICA, INC.,
    C.A. No. 1:16‒00617

Eastern District of Washington

AMBUTE, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC.,
    C.A. No. 2:16‒00159

Western District of Washington

DEINES, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC.,
    C.A. No. 2:16‒00703

Southern District of West Virginia

MORRIS v. NEALE, ET AL., C.A. No. 2:16-2847